CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

EDRIC M. CHING #6697
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: Edric.Ching@usdoj.gov

Attorneys for Defendant
LOUIS DeJOY, Postmaster General
United States Postal Service

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANICE M. IBARRA,<br><br>          Plaintiff,<br><br>     vs.<br><br>LOUIS DeJOY, Postmaster General<br>United States Postal Service,<br><br>          Defendant. | CIVIL NO.  21-00204 KJM<br><br>DEFENDANT LOUIS DEJOY, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE RULE 16 DEADLINE AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (ECF NO. 53); DECLARATION OF EDRIC M. CHING;  EXHIBITS "A"-"D"; CERTIFICATE OF SERVICE<br><br>NON-HEARING MOTION |

DEFENDANT LOUIS DEJOY, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE RULE 16 DEADLINE AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (ECF NO. 53)

Defendant Louis DeJoy, Postmaster General, United States Postal Service, by and through his counsel, the United States Attorney for the District of Hawaii and Assistant United States Attorney Edric M. Ching, hereby submits the following opposition to Plaintiff's Motion for Leave to Amend the Rule 16 Deadline and for Leave to File a Second Amended Complaint ("Motion") (ECF No. 53). As will be shown below, the deadline to amend pleadings is currently closed and Plaintiff failed to exhibit diligence in seeking to re-open this closed deadline. Further, Defendant will be prejudiced if this Motion is granted because the proposed additional cause of action is based on different elements than the existing causes of action, Plaintiff exhibited undue delay in seeking to amend the First Amended Complaint and the proposed additional cause of action is futile.

I.  BACKGROUND

The Employment Discrimination Complaint was filed in this matter on April 24, 2021. (ECF No. 1). The First Amended Employment Discrimination Complaint ("First Amended Complaint") was filed on July 14, 2021 (ECF No. 7). Pursuant to the Court's Rule 16 Scheduling Order dated November 29, 2021 (ECF No. 19), trial was set for November 29, 2022 and the deadline to amend pleadings was April 29, 2022.

On May 23, 2022, the parties submitted a First Stipulation To Continue Trial (ECF No. 30) which requested that all open pre-trial deadlines be extended. The First Stipulation To Continue Trial was approved by the Court. *Id.* The First Amended Rule 16 Scheduling Order (ECF No. 35) filed on July 7, 2022 provided that trial was continued to May 1, 2022 (the Court subsequently continued the trial date to May 2, 2023 (ECF No. 46)) and that the deadline to amend pleadings was closed.

On December 2, 2022, the parties submitted a Second Stipulation To Continue Trial (ECF No. 48) which requested a continuance of the May 2, 2023 trial date and that all open pre-trial deadlines be continued in accordance with the new trial date. The Court approved the Second Stipulation To Continue Trial on December 5, 2022. *Id.* The Second Amended Rule 16 Scheduling Order filed on December 7, 2022 (ECF No. 49) provided that trial was continued to September 12, 2023 and that the deadline to amend pleadings was closed.

On March 31, 2023, the Court approved the parties' Third Stipulation To Continue Trial (ECF No. 54) which sought a continuance of the September 12, 2023 trial date to January 2024 and requested that all open pre-trial deadlines be continued in accordance with the new trial date. A Third Amended Rule 16 Scheduling Order filed on April 7, 2023 provided trial was continued to January 30, 2024 and the deadline to amend pleadings was closed. ECF No. 57.

II.     ARGUMENT

    A.     **Plaintiff's Request is Untimely as the Deadline to Amend Plaintiff's Complaint Closed More than 11 Months Ago**

A party's ability to amend a complaint is governed by Rule 16(b) of the Federal Rules of Civil Procedure and not Rule 15(a) when the deadline to amend pleadings has passed. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992) citing *Fortsmann v. Culp*, 114 F.R.D. 83, 85, (M.D.N.C. 1987). Pursuant to Rule 16(b)(1), Federal Rules of Civil Procedure, the Court shall enter a scheduling order after consulting with counsel. *Id.* A scheduling order should not be modified except by leave of court and a showing of good cause. *Id.*

The good cause standard of Rule 16(b) primarily considers the diligence of the party seeking the amendment and the Court can only modify the pretrial schedule if it cannot reasonably be met the despite the diligence of the party seeking the extension. *Johnson* at 609 citing *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 469 (D.N.J. 1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D. Ind. 1990); *Forstmann*, 114 F.R.D. at 85; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is

unable to comply with the scheduling order's deadline due to matters that could not have not been foreseen at the time of the issuance of the scheduling order and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order.  *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Ca. 2009).

In this case, the deadline to amend pleadings was April 29, 2022, approximately a year ago.  (ECF No. 19).  Since the deadline to amend pleadings expired, the parties have submitted three stipulations to the Court seeking trial continuances and only requested continuances of open pre-trial deadlines.  (ECF Nos. 30, 48 and 54).  In the Motion, Plaintiff does not demonstrate that she was diligent in seeking to reopen a closed deadline nor does she even address the above-referenced diligence standard.  Plaintiff also fails to argue that raising the constructive discharge cause of action was not foreseen at the time of the issuance of the scheduling order and amendments thereto and/or detail what event(s) triggered her to seek to amend the First Amended Complaint.

It is clear that this untimely request was caused by Plaintiff's undue delay and lack of diligence in seeking to reopen a closed deadline which expired almost a year ago.  Based on the lack of good cause to amend the Third Amended Rule 16 Scheduling Order, the Motion must be denied.  *See Robinson v. Twin Falls Highway Dist.*, 233 F.R.D. 670, 673 (D. Idaho March 1, 2006).

**B.     Even if the Deadline to Amend Pleadings was Not Closed, the Motion Should be Denied Due to Plaintiff's Undue Delay, the Potential Prejudice to Defendant and the Futility of the Proposed Amendment.**

Plaintiff should not be allowed to amend the First Amended Complaint and add a new cause of action due to her undue delay, the prejudice to Defendant and the futility of the added cause of action if the Motion is granted.  The Ninth Circuit examines four factors when reviewing a decision whether to permit an amendment: (1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.  *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d. 980, 986 (9th Cir. 1999).  Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay.  *Id.* citing *Swanson v. United States Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996).

In this case, as noted above, there was undue delay in Plaintiff seeking to amend the First Amended Complaint.  The First Amended Complaint was filed on July 14, 2021 (more than twenty months ago) and Plaintiff has not provided any basis for its delay (i.e., newly discovery evidence) in seeking to amend the First Amended Complaint.

The proposed Fourth Cause of Action, Plaintiff's constructive discharge, is based on a totally new legal theory.  Plaintiff must prove different elements to establish the proposed Fourth Cause of Action versus the existing causes of action

6

(disability discrimination, retaliation and a hostile work environment based on the Rehabilitation Act).  If the Motion is granted, Defendant will have to send out additional written discovery and then conduct additional discovery, if appropriate.

Finally, allowing Plaintiff to add a constructive discharge cause of action will clearly be futile because Plaintiff failed to exhaust her administrative remedies as to a constructive discharge claim.  To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking federal court adjudication of a Title VII claim.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002); *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994).  "Exhaustion of administrative remedies under Title VII requires that the complainant file a timely charge with the EEOC, thereby allowing the agency time to investigate the charge." *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (citing 42 U.S.C. §§ 2000e–5(b) and *B.K.B.*, 276 F.3d at 1099).

In this case, Plaintiff did not raise a constructive discharge claim in her EEO Complaint.  *See* Exhibit "A" at page 4.  Nor did the EEO investigations cover a constructive discharge claim by Plaintiff.  *See* Exhibits "B" at page 6, "C" at page 7, and "D" at page 5.  Thus, because Plaintiff failed to raise a constructive discharge claim in her EEO complaint and a constructive discharge claim was not investigated during the EEO phase, it is clear that Plaintiff failed to

exhaust her administrative remedies and raising this claim at this late point in the litigation would be futile.

Based on the foregoing, Plaintiff's request to amend the First Amended Complaint must be denied.

## III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court deny the Motion.

DATED: April 13, 2023, at Honolulu, Hawaii.

        CLARE E. CONNORS
        United States Attorney
        District of Hawaii

        /s/ Edric M. Ching
By_____
        EDRIC M. CHING
        Assistant U.S. Attorney

Attorneys for Defendant
LOUIS DeJOY, Postmaster General
United States Postal Service

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

| | |
|---|---|
| ELBRIDGE W. SMITH, ESQ. | hawaii@gelawyer.com |
| ELBRIDGE Z. SMITH, ESQ. | hawaii@gelawyer.com |
| Gilbert & Smith Law Firm | |
| 745 Fort Street, Suite 311 | |
| Honolulu, HI  96813 | |

Attorneys for Plaintiff
JANICE M. IBARRA

DATED: April 13, 2023, at Honolulu, Hawaii.

/s/  Saundra Ramirez
_____
U.S. Attorney's Office
District of Hawaii